**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

MERRITT LEE AUSTIN,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 2:23-cv-06453-SPG (KES)

**ORDER RECOMMITING MATTER WITH INSTRUCTIONS [ECF NO. 68]**

Pursuant to 28 U.S.C. § 636, the Court has reviewed Plaintiff Merritt Lee Austin's ("Plaintiff") Third Amended Complaint, (ECF No. 38 ("TAC")); Defendant United States's ("Defendant") Motion to Dismiss, (ECF No. 57 ("Motion")); the Report and Recommendation of United States Magistrate Judge, (ECF No. 68 ("Report")); and Defendant's Objections to the Magistrate Judge's Report, (ECF No. 70 ("Objections")). The Court has engaged in a *de novo* review of those portions of the Report to which objections have been made. For the reasons stated below, the Court RECOMMITS this matter back to the presiding Magistrate Judge to address Defendant's argument that Plaintiff's claim under the Federal Tort Claims Act ("FTCA") is untimely.

Plaintiff is incarcerated in Federal Correctional Institute Lompoc ("FCI Lompoc") in Lompoc, California. *See* (TAC at 1–2). He alleges that, in March 2020, he contracted COVID-19 while incarcerated. *See* (*id.* at 5). Plaintiff further alleges that, between August 2020 and November 2022, he repeatedly requested medical treatment for chest pain and difficulty breathing. *See* (*id.* at 4–9). Plaintiff alleges that, by failing to treat his respiratory condition, prison officials acted negligently and did not fulfill their duty to provide Plaintiff with adequate and proper medical treatment. *See* (*id.* at 11). The TAC alleges that "BOP negligence or intentional violations are actionable" under the FTCA, and the Court has subject matter jurisdiction to hear this lawsuit under the FTCA. *See* (*id.* at 1, 4). Plaintiff further alleges that he presented the United States with a "viable FTCA claim" on May 23, 2023; the United States denied his claim; and he has therefore "exhausted his FTCA" claim. *See* (*id.* at 4). However, elsewhere in the TAC, Plaintiff states that he only "asserts two causes of action": (1) a claim under the Fifth Amendment; and (2) a claim under the Eighth Amendment. *See* (*id.* at 2).

On September 12, 2024, the presiding Magistrate Judge issued an order screening the TAC. *See* (ECF No. 39). The Magistrate Judge held that Plaintiff's Fifth Amendment and Eighth Amendment claims were not cognizable under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *See* (*id.* at 3–5). The Magistrate Judge then determined that "the TAC mentions the FTCA in passing but does not actually assert a FTCA claim." (*Id.* at 5). The Magistrate Judge further explained that the TAC did not state a cognizable FTCA claim because "the United States is the only proper defendant to an FTCA claim" but Plaintiff only named individual defendants in the TAC. *See* (*id.* at 5–6). The Magistrate Judge ordered Plaintiff to file a response to the screening order, electing to proceed with one of three options: (1) filing a fourth amended complaint; (2) proceeding on the third amended complaint at the risk of dismissal with prejudice; or (3) voluntary dismissal. *See* (*id.* at 6–7). However, Plaintiff did not file a response to the screening order and, instead, requested two extensions on his deadline to respond. *See* (ECF Nos. 40, 42).

The Magistrate Judge held a status conference on March 20, 2025, to discuss Plaintiff's election. *See* (ECF No. 46). During the status conference, the Magistrate Judge told Plaintiff that he could file a fourth amended complaint, request an additional extension of time, or elect to "proceed only with the [FTCA] claim encompassed within the Third Amended Complaint, substituting the United States as [a] defendant, and voluntarily dismissing all other claims and defendants." (ECF No. 46).

On July 15, 2025, Plaintiff elected to proceed on his FTCA claim. *See* (ECF No. 51). The Magistrate Judge ordered service on the United States and, on December 1, 2025, the United States filed the instant Motion to Dismiss. *See* (ECF Nos. 52, 57). The Motion presented three arguments for dismissal. First, Defendant argued that the Court lacks subject matter jurisdiction because Plaintiff failed to timely present his FTCA claim. *See* (Motion at 8). Second, Defendant argued that the TAC does not actually assert a claim under the FTCA but only "mentions the FTCA in passing." *See* (*id.* at 9). Finally, Defendant argued that Plaintiff's FTCA claim is time-barred. *See* (*id.*).

On June 5, 2026, the presiding Magistrate Judge issued the instant Report. *See* (Report at 13). Addressing Defendant's first argument for dismissal, the Magistrate Judge determined that Plaintiff's purported failure to timely present his claim did not deprive the Court of subject matter jurisdiction. *See* (*id.* at 11 (citing *United States v. Wong*, 575 U.S. 402 (2015)). The Magistrate Judge further rejected Defendant's second argument for dismissal, explaining that Plaintiff remedied the defects identified in the screening order by filing notice that he elected to proceed on his FTCA claim and substitute the United States as a Defendant. *See* (Report at 12). The Magistrate Judge noted that, aside from quoting from a sentence in the screening order, Defendant made "no independent argument that the TAC fails to state an FTCA claim." (*Id.*). However, the Magistrate Judge did not address Defendant's argument that Plaintiff's FTCA claim is subject to dismissal on the

merits because Plaintiff failed to comply with the FTCA's statute of limitations.[1]

On June 12, 2026, Defendant filed its Objections to the Report. In its Objections, Defendant does not challenge the Magistrate Judge's determination that the Court has subject matter jurisdiction to hear this case. *See* (Objections at 2). However, Defendant argues that the Magistrate Judge "incorrectly determined that (1) Plaintiff's [FTCA] claim was timely and (2) that Plaintiff's operative [TAC] implicitly asserts an FTCA claim." (*Id.*). Based on the Court's review of the Report, the Magistrate Judge did not address Defendant's argument that the TAC fails to state a claim under the FTCA because Plaintiff's FTCA claim is time-barred. *See* (Report at 12). The Court therefore RECOMMITS the matter back to the presiding Magistrate Judge for consideration of this argument.

**IT IS SO ORDERED.**

DATED: September 10, 2026

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE

[1] The Supreme Court's decision in *United States v. Wong*, 575 U.S. 402, 412 (2015) held that, because the FTCA's statute of limitations provision is not jurisdictional, FTCA claims may be tolled on equitable grounds. Claims presented after the FTCA's statute of limitations and not subject to equitable tolling are still subject to dismissal on the merits. *See, e.g.*, *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 n.2 (9th Cir. 1995).